**Daniel FIAMENGO Plaintiff–Appellant,**

v.

**Stephen J. DUFFY, Kevin Booth, Defendants–Appellees.**

No. 04–3594.

United States Court of Appeals, Second Circuit.

April 19, 2005.

Daniel Fiamengo, Suffield, CT, for Appellant, pro se.

Present: NEWMAN, CABRANES and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and it hereby is **AFFIRMED.**

Plaintiff, Daniel Fiamengo, an inmate at the MacDougall Walker Correctional Institution in Suffield, Connecticut, proceeds *pro se* against defendants Stephen J. Duffy, a private attorney, and Kevin Booth, a Connecticut state judge. Fiamengo seeks injunctive and monetary relief under 42 U.S.C. § 1983 based on his contentions (1) that Duffy, his former attorney, failed to represent Fiamengo's interests adequately in a personal injury action and (2) that Judge Booth wrongfully vacated a default judgment Fiamengo obtained against Duffy in the Connecticut Superior Court.

The District Court dismissed Fiamengo's complaint in a ruling and order dated May 6, 2004, finding (1) that Judge Booth was entitled to judicial immunity for his vacatur of the default judgment against Duffy; (2) that the ruling of the Connecticut Appellate Court dismissing Fiamengo's appeal from Judge Booth's order was not reviewable by the District Court in a § 1983 action, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and (3) that because Duffy is a private actor, and his actions are not attributable to the state, he cannot be held liable under § 1983.

Because we find no error in the District Court's analysis, we affirm the District Court's dismissal of Fiamengo's complaint and deny Fiamengo's "motion for default judgment for [defendants'] failure to appear and failure to plead." By failing to file an appellate brief, defendants have waived their right to be heard in oral argument; they have not waived their right to judgment. *See* Fed. R.App. P. 31(c) ("An appellee who fails to file a brief will not be heard at oral argument unless the court grants permission.").

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.** Plaintiff's motion for default judgment is denied.